UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALLIANT TECHNOLOGIES, LLC** § | | |
| **-PLAINTIFF** § | | |
| § | | |
| § | | |
| **VS.** § | | **CIVIL ACTION NO.:** |
| | | No. _____ |
| **UNIFOUR TECH, INC., SPENCER** § | | |
| **FREDELL, SUNBELT RENTALS,** § | | |
| **INC, UNITED RENTALS (NORTH** § | | |
| **AMERICA), INC., AND TRADESMEN** § | | |
| **INTERNATIONAL LLC** § | | |
| **-DEFENDANTS** § | | |

## COMPLAINT FOR DECLARATORY JUDGMENT & DAMAGES

Plaintiff, Alliant Technologies, LLC, complaining of Defendants, Unifour Tech, Inc., Spencer Fredell, Sunbelt Rentals, Inc., United Rentals (North America), Inc., and Tradesmen International LLC, respectfully states the following.

## I.
## Parties

Plaintiff, Alliant Technologies, LLC ("Alliant"), is a limited liability company, organized under the laws of Delaware, with its principal place of business in Louisville, Kentucky.

Defendant, Unifour Tech, Inc. ("Unifour"), is a corporation organized under the laws of North Carolina, or a state other than Texas, with its principal place of business in Conover, North Carolina. Unifour has conducted business in Texas, but has not appointed an agent for service of process. Unifour may be served under the Texas Long-Arm Statute, at its principal offices: Unifour Tech, Inc., 1732 Adams Street, Conover, North Carolina 28613.

**COMPLAINT FOR DECLARATORY JUDGMENT & DAMAGES - Page 1**

Defendant, Spencer Fredell ("Mr. Fredell"), is an individual over the age of majority, who is domiciled in Catawba County, North Carolina. Mr. Fredell has conducted business in Texas, but has not appointed an agent for service of process. Mr. Fredell may be served under the Texas Long-Arm Statute, at his place of employment: Unifour Tech, Inc., 1732 Adams Street, Conover, North Carolina 28613.

Defendant, Sunbelt Rentals, Inc. ("Sunbelt"), is a corporation organized under the laws of Ohio, or a state other than Texas, and is domiciled in Columbus, Ohio. Sunbelt may be served through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

Defendant, United Rentals (North America), Inc. ("United Rentals"), is a corporation organized under the laws of North Carolina, or a state other than Texas, with its principal place of business in Charlotte, North Carolina. United Rentals may be served with process through its registered agent: Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

Defendant, Tradesmen International LLC ("Tradesmen"), is a limited liability company organized under the laws of Ohio, or a state other than Texas, with its principal place of business in Macedonia, Ohio. Tradesmen may be served with process through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II.
## Jurisdiction and Venue

This Honorable Court has jurisdiction over Plaintiff's claims under 28 U.S.C. §1332(a), inasmuch as such claims exceed $75,000.00 exclusive of interest and costs, and there is complete

diversity of citizenship. Venue is appropriate in this District since all or part Plaintiff's causes of action accrued in the District, and the real property at issue involving the mechanic's lien claims is located in this District.

### III.
### Factual Background

1. Alliant is a contractor in the automation systems business, among other things. Alliant designs, manufactures and commissions control systems, sortation systems and automated process control systems for multiple industries.

2. Alliant was a subcontractor to Designed Conveyor Systems, LLC ("DCS"), on a project ("Project") for FedEx Ground Package System, Inc. ("FedEx"), located at 5373 Brittmore Road, Houston, Texas 77041.

3. Alliant retained Defendant, Unifour, as a sub-subcontractor for certain specified work on the Project. Unifour's scope of work included that necessary to complete the work of United Industrial Service ("United Industrial") on the Project. Alliant retained Unifour on a time and materials basis for such work ("Time & Materials Work").

4. Later, Alliant received a punch list detailing specified work that the Project's owner requested be performed for the Project. Alliant rejected some of such punch list work, as not being within Alliant's responsibility. Alliant then negotiated with Unifour to have Unifour perform some of the punch list work. Alliant and Unifour negotiated payment for such punch list work based on a not to exceed price proposal ("Not to Exceed Price Proposal") that Unifour had prepared. Alliant accepted the Not to Exceed Price Proposal and authorized Unifour to perform the agreed upon

punch list work.  The scope of authorized punch list work shall be referred to as the "Not to Exceed Work".

5. Alliant has paid Unifour for some or all of the Time & Materials Work.  To induce Alliant to make payment, Unifour executed Partial Waivers of Lien, under oath, attesting that Unifour had fully paid for its material, labor, and other bills on the Project.

6. In addition, Alliant has paid Unifour most of the Not to Exceed Work.  Alliant ceased payment to Unifour when Unifour demanded payment beyond that set out in the Not to Exceed Price Proposal, and Alliant began receiving notices of non-payment from Unifour's vendors.

7. Upon information and belief, Unifour's unpaid vendors ("Unpaid Vendors") include, without limitation, Defendants, Sunbelt, United Rentals, and Tradesmen.

8. Upon information and belief, such claims by Unifour's Unpaid Vendors relate to the Time & Materials Work, the Not to Exceed Work, and/or work not authorized by Alliant on the Project.  For ease of reference, such unauthorized work shall be referred to as the "Unauthorized Work."  The Unauthorized Work was purportedly authorized without Alliant's knowledge by someone for whom Alliant has no responsibility.

9. It appears that Alliant has paid Unifour for the labor and/or equipment rental at issue with the Unpaid Vendors' claims.  It appears that Unifour failed or refused to pay the Unpaid Vendors even though Unifour had received money from Alliant to cover the invoices from the Unpaid Vendors.

10. In connection with the Unauthorized Work, Alliant did not supervise or observe the Unauthorized Work since Alliant did not authorize the work or know that Unifour was performing

the work.  Alliant was not paid for the Unauthorized Work, and did not request that anyone pay Alliant for the Unauthorized Work.

11.     Since Alliant did not know about the Unauthorized Work, Alliant has not requested any markup on the Unauthorized Work to cover Alliant's supervision, overhead and profit.

12.     Alliant has not requested that DCS pay Alliant for the Unauthorized Work.  DCS has not paid Alliant for the cost of the Unauthorized Work.

13.     Alliant has requested that Unifour substantiate the authorization of the Unauthorized Work, but Unifour has refused or failed to do so.

14.     Alliant has received claims by the Unpaid Vendors threatening to file a mechanic's and materialman's lien against the Project, and/or advising that the Unpaid Vendors had in fact filed a mechanic's and materialman's lien against the Project.  On information and belief, Defendants Sunbelt and Tradesmen filed a mechanic's liens seeking $44,509.05 and $27,882.65, respectively, while United Rentals has asserted a claim of at least $3,935.70.

15.     None of the notices by the Unpaid Vendors mentions DCS, which is the original contractor for the Project, as such term is defined under Chapter 53 of the Texas Property Code.  Each of such notices lists Alliant as the original contractor for the Project.  Alliant has written to each of the Unpaid Vendors to advise that Alliant was a subcontractor on the Project, and that DCS was the original contractor.  Under Chapter 53 of the Texas Property Code, the original contractor is the contractor who contracted with the owner or the owner's agent to construct the project at issue.

16.      Since Alliant did not contract with the owner or the owner's agent to construct the Project, Alliant cannot be the original contractor for the Project.  Alliant has written to each of the

Unpaid Vendors to advise that any filing of a mechanic's and materialman's lien would be improper under the circumstances, and to request that the Unpaid Vendors release any lien that they may have filed against the Project.

## Count I: Declaratory Judgment

17. The allegations of paragraphs 1 through 16 are hereby incorporated by reference and reaverred as if fully set out herein.

18. Alliant respectfully seeks a declaratory judgment that any claim by the Unpaid Vendors against the Project or the Project's owner or Alliant is invalid under the circumstances. None of the Unpaid Vendors provided notice to DCS, the original contractor. As a matter of Texas law, a subcontractor, like Alliant, has no liability to the vendors of a sub-subcontractor. An original contractor (but not a subcontractor) could have liability to vendors of a sub-subcontractor, but only if the vendors had properly perfected their respective claims under Chapter 53 of the Texas Property Code.

19. Alliant respectfully seeks a declaratory judgment that it has no liability to Unifour for any work for which Alliant has already paid, or for work that Alliant did not authorize, or for any claims for money beyond the Not to Exceed Proposal, or for claims for which Unifour has executed Partial Waivers of Lien reflecting that Unifour had been paid in full. Unifour has filed a mechanic's lien and asserted a claim seeking $107,777.00 from Alliant, money which is not owed under the circumstances.

20. Alliant respectfully seeks a declaratory judgment that any mechanic's and materialman's liens filed by Unifour and the Unpaid Vendors are invalid under the circumstances.

**Count II: Breach of Contract**

21. The allegations of paragraphs 1 through 20 are hereby incorporated by reference and reaverred as if fully set out herein.

22. Alliant retained Unifour to perform work on the Project, first on a Time & Materials basis, and later on a Not to Exceed Price basis. During the course of the Project, Unifour was supposed to pay for its materials, labor and other bills.

23. Unifour has not complied, and has apparently failed to pay money due and owing to the Unpaid Vendors.

24. Unifour was supposed to honor its Not to Exceed Price Proposal. Unifour has apparently not complied, and allegedly seeks money beyond that authorized in the Not to Exceed Price Proposal.

25. Unifour represented to Alliant on multiple occasions that Unifour had paid for its materials, labor and bills for the Project. Unifour breached such representations.

26. Such failings and conduct by Unifour constitute breaches of contract, and have caused damage to Alliant.

27. Unifour is liable for such damage.

**Count III**
**Violation of Texas Fraudulent Lien Act and/or**
**Chapter 53 of Texas Property Code**

28. The allegations of paragraph 1 through 27 are hereby incorporated by reference and reaverred as if fully set out herein.

29. Under the circumstances, the Unpaid Vendors who have filed a mechanic's and materialman's lien have violated the Texas Fraudulent Lien Act, Chapter 12 of the Texas Civil

Practice & Remedies Code, since such lien filers knew or should have known that their respective lien was invalid, or since they refused to release the lien once provided with such knowledge.

30. Unifour has filed a mechanic's lien seeking $107,777.00 for work allegedly performed on the Project. Unifour knew or should have known that its lien was invalid under the circumstances.

31. The Fraudulent Lien Act provides for statutory damages of $10,000 or actual damages, plus attorney's fees and court costs, for violations of such Act.

32. In addition, or alternatively, any such lien filings violate the provisions of Chapter 53 of the Texas Property Code, and may be removed or invalidated under the provisions of such Chapter.

33. Alliant has incurred cost to post bonds to indemnify against lien concerning the liens filed by Defendants. Alliant is entitled to reimbursement for such costs.

## Count IV
## Violation of Texas Construction Trust Fund Act

34. The allegations of paragraphs 1 through 33 are hereby incorporated by reference and reaverred as if fully set out herein.

35. Alliant paid trust funds to Unifour under the terms of the Texas Construction Trust Fund Act, Texas Property Code Chapter 162 ("Trust Fund Act").

36. Unifour received "trust funds" as such term is defined under the Trust Fund Act.

37. Mr. Fredell is the owner and President of Unifour.

38. Unifour and Mr. Fredell are "trustees" of "trust funds" as such terms are defined under the Trust Fund Act.

**COMPLAINT FOR DECLARATORY JUDGMENT & DAMAGES - Page 8**

39. Unifour and Mr. Fredell made decisions as to whom to pay and how much to pay from money that Unifour received for work on the Project.

40. Mr. Fredell had authority to sign checks and/or to issue payment for Unifour.

41. Mr. Fredell made the decision not to pay the Unpaid Vendors for their respective work on the Project.

42. Under the circumstances, Unifour and Mr. Fredell misappropriated or diverted trust funds from the Unpaid Vendors, thereby damaging Alliant.

43. Under the circumstances, Unifour and Mr. Fredell violated the provisions of the Trust Fund Act, and are liable to Alliant.

44. Under the circumstances, Mr. Fredell has personal liability to Alliant under the Trust Fund Act.

## Count V
## Misrepresentation and Fraud

45. The allegations of paragraphs 1 through 44 are hereby incorporated by reference and reaverred as if fully set out herein.

46. Unifour and Mr. Fredell made representations to Alliant to induce Alliant to make payment to Unifour for work on the Project. Among others, Unifour and Mr. Fredell represented that Unifour had fully paid for its materials, labor and bills for the Project.

47. Unifour and Mr. Fredell knew or should have known that such representations were not true, and that Alliant would rely on such representations in making payment to Unifour.

48. Alliant did in fact rely on such representations, and has sustained damage as a result.

49. Unifour and Mr. Fredell are liable for such damage.

## Count VI
## Attorney's fees

50. The allegations of paragraphs 1 through 49 are hereby incorporated by reference and reaverred as if fully set out herein.

51. Alliant has had to retain undersigned counsel to prosecute Alliant's claims herein. Alliant has agreed to pay undersigned counsel a reasonable attorney's fee for such representation.

52. Defendants are liable for such reasonable attorney's fee.

WHEREFORE, Plaintiff, Alliant Technologies, LLC, respectfully prays that: (1) Defendants, Unifour Tech, Inc., Spencer Fredell, Sunbelt Rentals, Inc., United Rentals (North America), Inc., and Tradesmen International LLC, be duly cited and served with a true copy of this complaint, and be commanded to appear and answer same; (2) after due proceedings, there be judgment in favor of Alliant, and against Defendants in accordance with the demands herein, including, without limitation the granting of Alliant's declaratory judgment relief (3) Alliant be awarded all costs of this proceeding, together with pre-judgment and post-judgment interest at the highest rates allowed by law; and (4) Alliant receive all such other general and equitable relief as may be appropriate.

Respectfully submitted,

THE ERIKSON FIRM, A PROFESSIONAL CORPORATION

BY: S/ Brian W. Erikson
Brian W. Erikson
State Bar No. 06643800
email: Brian.Erikson@eriksonfirm.com

P.O. Box 140249
Dallas, Texas 75214-0249
(214) 202-4742 (Telephone)

1-(214) 853-5320 (Telefax)

ATTORNEYS FOR PLAINTIFF, ALLIANT TECHNOLOGIES, LLC